IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN RUSSELL HOWALD,<br><br>　　　　　　Defendant. | CR-21-04-H-BMM<br><br><br>ORDER |

**INTRODUCTION**

Defendant John Russell Howald ("Howald") moves the Court for acquittal or a new trial pursuant to Fed. R. Crim. P. 29 and 33. (Doc. 145.) The Government opposes the motion. (Doc. 150.)

**FACTUAL AND LEGAL BACKGROUND**

The Government brought the following two charges against Howald: (1) Hate Crime Acts, in violation of 18 U.S.C. § 249(a)(2), the Hate Crimes Prevention Act ("HCPA" or "§ 249(a)(2)"); and (2) Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 72.) The Court will not repeat the details of the underlying conduct already provided in the Court's January 4 and January 25, 2023 Orders denying Howald's

motions to dismiss. (Doc. 83; Doc. 125.) The Court presided over a four-day jury trial from February 14 to February 17, 2023. (Doc. 126; Doc. 129; Doc. 130; Doc. 131.) A jury found Howald guilty of both Count 1 and Count 2 as well as a number of sentencing enhancements. (Doc. 136.)

## LEGAL STANDARD

Rule 29 authorizes a post-verdict judgment of acquittal if the evidence proves "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). A district court must "determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). "[A]ll reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict." *Id.* at 1201–02.

Rule 33 authorizes a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A new trial proves necessary only when allowing the verdict to stand would rise to the level of a "serious miscarriage of justice." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992).

## DISCUSSION

Howald challenges the sufficiency of the evidence under Rule 29 with respect to the Commerce Clause element of Count 1. (Doc. 146 at 7–8.) Howald also contends that a new trial is required under Rule 33 on the basis that the

2

Government's closing argument varied from its allegations in the Superseding Indictment. (Doc. 146 at 9–10.) The Court will consider each claim in turn.

I.  **Howald's Motion for Acquittal Under Rule 29.**

Howald asserts that he is entitled to an acquittal on the basis that the Government presented insufficient evidence at trial that Howald's conduct "otherwise affects" commerce for purposes of 18 U.S.C. § 249(a)(2). (Doc. 146 at 2–7.) Howald's arguments about the sufficiency of evidence for the jurisdictional element contained in Section § 249(a)(2) replicate the facial and as-applied challenges to the statute leveled in Howald's first Motion to Dismiss. (Doc. 29.) The Court already has considered and rejected these arguments. (Doc. 83 at 7, 11–12.)

The Government, moreover, presented ample evidence at trial to satisfy the "affecting commerce" jurisdictional element for the Section 249(a)(2) charge. The Government's physical evidence included multiple firearms, firearm components, and ammunition used in connection with the offense. (Doc. 133; Doc. 142-1–19.) The Government presented trial testimony from responding law enforcement officers, dash camera and body camera footage, and photographs establishing Howald's possession of the firearms and their connection to the offense.

The Government further presented expert testimony from Mark Wozniak, Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent ("SA

Wozniak"), establishing that multiple firearms, firearm components, and ammunition at issue had been manufactured outside the state of Montana, including in Connecticut, Texas, and Massachusetts. SA Wozniak further testified that other firearms, firearm components, and ammunition at issue had been made outside of the United States, including in Romania, Croatia, and Russia. Howald never has disputed that these items have traveled in interstate and/or foreign commerce. (Doc. 146 at 6.)

Based upon the undisputed evidence and drawing "all reasonable inferences [] in favor of the [G]overnment," the Court determines that "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02. "[W]hen a defendant is convicted of a crime based on alternative theories, and there is sufficient evidence to convict on one, it is unnecessary for a reviewing court to consider whether the evidence is sufficient on the alternative ground." *Walker*, 99 F.3d at 442; *Griffin v. United States*, 502 U.S. 46, 56–57 (1991). The Court declines to address Howald's challenge to the sufficiency of the evidence with respect to the "otherwise affects" commerce connection in light of the Court's determination that the evidence of firearms traveling in interstate and/or foreign commerce proves sufficient to support jurisdiction. *Walker*, 99 F.3d at 442; *Griffin*, 502 U.S. at 56–57. The Court will deny Howald's Rule 29 motion for an acquittal. Fed. R. Crim. P. 29.

## II.    Howald's Motion for New Trial Under Rule 33.

Rule 33(a) authorizes a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). As an initial matter, the Court agrees with the Government that Howald's passing reference to his continuing objection to the Court's "attempt to kill" final jury instruction does not satisfy the requirements for a new trial under Rule 33. (Doc. 146 at 8; Doc. 150 at 16–17.)

A "material variance" supplies one potential basis for a new trial. A material variance occurs when the Government presents at trial "a materially different set of facts from those alleged in the indictment." *United States v. Bhagat*, 436 F.3d 1140, 1146 (9th Cir. 2006). A material variance arises "when 'the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.'" *United States v. Ward*, 747 F.3d 1184, 1189–90 (9th Cir. 2014). An "immaterial" divergence "between the facts alleged in the [I]ndictment and those offered at trial" cannot support a finding of prejudice. *United States v. Conti*, No. CR 13-65-GF-BMM, 2014 WL 1652582, *5 (D. Mont. Apr. 21, 2014). Evidence of a material variance alone proves insufficient. A defendant also must demonstrate that the material variance prejudiced them, meaning that the variance "affects the defendant's 'substantial rights.'" *Bhagat*, 436 F.3d at 1145–46 (quoting *United States v. Adamson*, 291 F.3d 606, 615–16 (9th Cir. 2002)).

Howald has failed to show a material variance that would necessitate a new trial. *Bhagat*, 436 F.3d at 1146. When an indictment includes the elements of the offense, it sufficiently "informs the defendant of the charge against him." *Lincoln v. Sunn*, 807 F.2d 805, 812–13 (9th Cir. 1987) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Superseding Indictment charged that Howald's actions were taken "because of the actual or perceived sexual orientation of any person." (Doc. 72 at 5.) The Government argued in closing that Howald had acted "because of the actual or perceived sexual orientation of any person." (Doc. 150 at 16–17.)

Evidence that Howald presented regarding his own sexual orientation presents no material variance the Superseding Indictment's charge that Howald had acted because of the actual or perceived sexual orientation of "any person." (Doc. 72 at 5.) Howald at all relevant times was on notice that the Government alleged that he had acted because of the actual or perceived sexual orientation of *any person*. *Lincoln*, 807 F.2d at 812–13; *Hamling*, 418 U.S. at 117. The Government's closing argument involved no material variance from the charges in the Superseding Indictment.

Howald has shown neither a material variance nor any resulting prejudice. *Bhagat*, 436 F.3d at 1146. Howald has failed to demonstrate that allowing the jury's verdict to stand would rise to the level of a "serious miscarriage of justice."

*A. Lanoy Alston*, 974 F.2d at 1211. The Court will deny Howald's Rule 33 motion for a new trial. Fed. R. Crim. P. 33.

## CONCLUSION

Howald has failed to satisfy the standards for acquittal or a new trial pursuant to Rules 29 and 33. Fed. R. Crim. P. 29, 33. The Court will deny Howald's motion. (Doc. 145.)

## ORDER

Accordingly, **IT IS ORDERED** that Howald's Motion for Acquittal or New Trial (Doc. 145) is **DENIED.**

DATED this 19th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court