**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

vs.

**JOHN RUSSELL HOWALD,**

Defendant.

**Cause No. CR 21-04-H-BMM**

**ORDER**
**ON COMPASSIONATE RELEASE**

## INTRODUCTION

John Russell Howald ("Howald") moves the Court for compassion release from his sentence or to modify the term of his imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). (Docs. 194 and 218.) Howald argues that his grandmother is incapacitated and that he is the only available caregiver. (Doc. 219 at 2.) The Government opposes the motion. (Doc. 220.)

## FACTUAL BACKGROUND

A jury found Howald guilty of Count 1: Hate Crime Acts in violation of 18 U.S.C. § 249(a)(2), and Count 2: Discharge of a Firearm in Relation to A Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 136.) The Court sentenced Howald on June 13, 2023, to the custody of the Bureau of Prisons ("BOP") for a period of 96 months on Count 1 and 120 months on Count 2 to run consecutive for

a total of 216 months. (Docs. 170 and 172.) Howald's federal sentence runs concurrently with his Montana state sentence. Howald completed the custody period of his Montana state sentence on March 22, 2025. (Doc. 172.) The Court recommended 732 days of credit for time served for Count 1.

Howald has filed a motion for compassionate release citing family circumstances and BOP's failure to provide credit for time served as the grounds warranting his release. (Doc. 219.) Howald has served approximately 18% of his total sentence. Howald's scheduled release date is November 10, 2037. *See* Inmate Locator, www.bop.gov/inmateloc (accessed July 29, 2026). Howald remains currently incarcerated at Victorville Medium II FCI. *Id.*

## DISCUSSION

Howald has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582. Howald contends that extraordinary and compelling reasons exist for releasing him and that the § 3553(a) factors support such a release or reduction in sentence. (Doc. 218.) The Government contends that the immediate release of Howald would continue to pose a serious danger to the community. (Doc. 220.) The Government further contends that the § 3553(a) factors do not support immediate release of Howald. (*Id.*)

### I. Motion for Compassionate Relief

The Court first will analyze Howald's claim for compassionate relief. The

Court separately will analyze whether Howald's immediate release or sentence reduction would comport with the § 3553(a) sentencing factors.

**A. Availability of Relief Under 18 U.S.C. § 3582.**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). A court may modify a term of imprisonment upon motion of a defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when a court considers the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800

(9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC

established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

**B. Reasons for Release.**

Howald argues family circumstances in support of his motion for compassionate release. Howald notes that his grandmother's health has declined to the point where she needs a caregiver. (Doc. 218 at 3.) Howald's grandmother claims that she needs Howald to assist her in Missouri. (*Id.*) Howald's grandmother is 92 years old. (*Id.*) Howald argues that his grandmother owns farmland and needs help tending to her property that also includes 52 campsites. (*Id.*) Howald's grandmother also represents that Howald's brother needs care and transportation to medical appointments, as he suffered brain injuries from a car wreck. (*Id.*) Howald's grandmother raises concerns that Howald may suffer from a rare disease called "Von Hippel Lindau Syndrome" as many of her husband's relatives have suffered from the disease. (*Id.* at 3-4.) Howald's stepmother also claims that she requires help taking care of the Missouri property since the passing of Howald's father in 2024.

(Id. at 4.)

The incapacitation of the defendant's immediate family member when the defendant would be the only available caregiver for the immediate family member may constitute an extraordinary and compelling reason justifying release. U.S.S.G. § 1B1.13(b)(3)(C) and (D). Howald has demonstrated that his grandmother, stepmother, and brother would find it helpful to have Howald's assistance. Howald has failed to provide sufficient information, however, that any of his family members are incapacitated. Howald also has failed to demonstrate that he represents the only available caregiver for his grandmother or brother.

The Court acknowledges Howald's difficult family circumstances and recognizes that Howald's family may benefit from having Howald at home to help take care of the property and his brother. The Court finds, however, that the circumstances outlined by Howald's family do not constitute extraordinary or compelling reasons for immediate compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

**C. Credit for Time Served on Howald's State Sentence.**

Alternatively, Howald also argues that the Court should reduce his sentence due to inaccurate credit given by the BOP. (Doc. 218 at 4-9.) The Court recommended that the BOP provide Howald with 732 days of time served. (*Id*. at 5.) Howald argues that the BOP has given him credit only for the 338 days rather than

the 732 days recommended by the Court. (Doc. 219 at 8-9 (citing Doc. 172 at 2).) Howald further argues that the Court intended to provide Howald credit for the 15 months he had served on his Montana state sentence before being brought into federal custody for the same criminal conduct. (*Id*.) The Court recommended that the BOP provide Howald with credit for the time he had served for his Montana state sentence. (*Id*.) Howald requests that the Court reduce his sentence by no less than 28 months to reflect the appropriate credit for time he served in both federal and Montana state custody for this offense. (*Id*. at 13.)

The Court acknowledges Howald's alleged discrepancies between the credit for time served as determined by the Court and that time provided by BOP. Howald's contentions with the BOP's credit for time served can more appropriately be addressed under Howald's pending motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 192.) The Court has granted Howald an extension of time to file an amended motion pursuant to § 2255 until January 4, 2027, at the request of counsel. (Doc. 277.) The Court will revisit this issue on consideration of that motion after it has been fully briefed.

**Review of Section 3553(a) Factors.**

Even if the Court were to find extraordinary and compelling reasons for Howald's immediate release, the Court still would have to determine whether the requested release would comport with the § 3553(a) factors. Section 3553(a) of Title

18 of the United States Code provides as follows:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Howald's offense involved firing several gunshots into a woman's home because she was a lesbian. (Doc. ¶¶ 16, 29.) Howald's offense proved serious. The Court remains concerned over Howald's actions of attempting to kill another person due to their sexual orientation. Howald's conduct resulted in a sentencing guideline range of 292-365 months and a mandatory minimum of 120 months to run consecutive on Count 2 for having discharged a firearm during a crime of violence. The Court sentenced Howald to 92 months on Count 1 and 120 months consecutive on Count 2. Howald's criminal history and violent tendencies also weigh against

immediate compassionate release. Continued incarceration will provide deterrence for Howald's repeated criminal conduct. The three years Howald has served proves insufficient to reflect the seriousness of Howald's criminal conduct.

## II. Reduction in Howald's sentence

Howald has not demonstrated that extraordinary and compelling reasons support his immediate release or a more significant reduction of his sentence. *United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah 2020). Howald's criminal history and seriousness of his offense demonstrate that Howald continues to pose a risk to the community currently. The Court remains sensitive to Howald's family circumstances and the burden that Howald's incarceration poses to his family members. The Court finds, however, that immediately releasing Howald from incarceration or more significantly reducing his sentence would not comport with the § 3553(a) factors. Issues regarding the appropriate length of his sentence are more appropriately considered via Howald's pending § 2255 motion.

Accordingly, **IT IS ORDERED** that Howald's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Docs. 194 and 218) are **DENIED.**

DATED this 27st day of October, 2026

Brian Morris, Chief District Judge
United States District Court